J-A24022-23

2023 PA Super 278

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RAMON SALINAS :
:
Appellant : No. 866 EDA 2023

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000047-2022

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.: **FILED DECEMBER 28, 2023**

Appellant, Ramon Salinas, appeals from the March 8, 2023 Judgment of
Sentence entered in the Court of Common Pleas of Pike County following his
conviction for Harassment.[1] Appellant challenges the sufficiency and weight
of the evidence underlying his conviction.[2] After careful review, we affirm.

**A.**

We glean the following facts and procedural history from the testimony
found credible by the trial court.[3] Appellant, Appellant's son Daniel, and the

---

[1] 18 Pa.C.S. § 2709(a)(3).

[2] We note that Appellant's son Daniel Salinas has also appealed his
Harassment conviction arising from the same incident. His case is before this
Court at Docket Number 1032 EDA 2023.

[3] The trial court found the testimony of the victim, Joseph DiPietro, credible.
Trial Ct. Op., 6/7/23, at 2.

victim, Joseph DiPietro, live in the same gated community. Appellant's son lives next door to Mr. DiPietro, and Appellant lives a half-mile away.

On the morning of May 9, 2022, Mr. DiPietro was jogging around the lake in the community, while Appellant was driving with his son in a car. At approximately 11:47 A.M., Appellant and Daniel passed Mr. DiPietro. After passing him, Appellant turned around and drove past him again approximately a minute and a half later. When they passed Mr. DiPietro the second time, Appellant yelled, "you should sell your F'ing house and move, this is only going to get worse for you and your family." N.T. Trial, 3/8/23, at 6. His son then yelled, "you better move or I will F your daughter in the A." *Id.*

Mr. DiPietro called the police, and Pennsylvania State Trooper Bradley Emerick responded. After speaking with Mr. DiPietro, Trooper Emerick issued citations for Harassment to both Appellant and Daniel.

At a proceeding on August 18, 2022, a magistrate judge convicted both Appellant and his son of Harassment, a summary offense. Both Appellant and his son appealed, which entitled them to a trial *de novo* in the Court of Common Pleas. Appellant and Daniel proceeded to a consolidated bench trial on March 8, 2023.

At trial, Mr. DiPietro and Trooper Emmerick testified in accordance with the above facts. Appellant and his son also testified. During his testimony, Appellant stated that while he was driving Daniel to work on May 9th, they saw Mr. DiPietro jogging but did not speak to him and only drove past him once.

Appellant also explained that he was driving his son's car that day, which had an Intoxalock ignition interlock system, and that the driver must breathe into the Intoxalock to start the car. He presented the Intoxalock records as Exhibit D-1, which showed that he breathed into the device to start the car at 11:40:59 A.M. and 11:48:28 A.M. that day. He testified that, when he started the car at 11:40 A.M., he was at his house, and that when he started the car at 11:48 A.M., he was not in the community, but rather was "on Route 739." N.T. Hr'g at 35. He added that his son's workplace was located on Route 739. Appellant then agreed with his lawyer that it was impossible for him to have passed Mr. DiPietro first at 11:47 A.M. then again a minute and a half later, as Mr. DiPietro testified. *Id.* at 36. Appellant's son testified briefly and confirmed Appellant's account.

The Court of Common Pleas convicted both Appellant and his son of Harassment. The same day, the court sentenced Appellant to pay a fine of $300.

**B.**

Appellant timely filed a Notice of Appeal. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Did the Commonwealth fail to produce sufficient evidence to support the Harassment conviction where it failed to establish that [Appellant] committed a series of acts to support the "course of conduct" element of the Harassment charge?

II. Was the conviction against the weight of the evidence where evidence was produced that [Appellant] was not near Joseph DiPietro at the time the alleged harassment occurred?

Appellant's Br. at 4.

## C.

Appellant first challenges the sufficiency of the evidence supporting his Harassment conviction. In addressing this challenge, our well-settled standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as verdict winner. ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). We determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005). "The Commonwealth can meet its burden by wholly circumstantial evidence." ***Commonwealth v. Benito***, 133 A.3d 333, 335 (Pa. Super. 2016) (citation omitted).

The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence[, ]is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder." ***Id***.

To sustain a conviction for Harassment, the Commonwealth must prove that the defendant, "with intent to harass, annoy[,] or alarm another . . . engage[d] in a course of conduct or repeatedly commits acts which serve no

legitimate purpose."[4]  18 Pa.C.S. § 2709(a)(3).  A course of conduct is a "pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes . . . threatening or obscene words. . .or actions[.]"  18 Pa.C.S. 2709(f) ("Course of conduct"); *see also Commonwealth v. Tedesco*, 550 A.2d 796, 799–800 (Pa. Super. 1988) (holding that a course of conduct "is more than an isolated verbal or physical act.  It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor.") (citation omitted).

*

Appellant asserts that the Commonwealth's evidence was insufficient to establish that he engaged in a course of conduct.  Appellant's Br. at 12-17.  In support, he maintains that he only took a single action, *i.e.*, making one statement to Mr. DiPietro, which does not constitute a "course of conduct." *Id*. at 14.  Furthermore, he argues that simply driving past Mr. DiPietro was not the same or a similar act as making a threat, but rather was "a separate innocuous act that cannot be said to form a 'course of conduct' to harass," because he did not drive recklessly or make any hand gestures while driving past Mr. DiPietro.  *Id.* at 15-16.

---

[4] 18 Pa.C.S. § 2709(a)(3), the specific subsection of Harassment charged in this case, is the only subsection of the Harassment offense that requires the Commonwealth to prove a course of conduct.

The trial court found Mr. DiPietro's testimony credible and sufficient to establish all elements of Harassment. Trial Ct. Op. at 2. In announcing its verdict, the court further elaborated:

> I want to be clear for the record that I am basing this on that day because of the section that was charged that's what I am considering is the course of conduct on that date. I did find [Mr. DiPietro] credibly testified that [Appellant and his son] had passed him by, that they came back around and they threateningly engaged in a course of conduct making threats to him, to himself and his daughters.

N.T. Trial at 43-44.

Our review of the record indicates that the Commonwealth's evidence, found credible by the trial court, established that Appellant both turned the car around in order to drive past Mr. DiPietro a second time, and when he did, he shouted a threat at him.

In determining whether Appellant's actions constitute a course of conduct, we find **Commonwealth v. Lutes**, 793 A.2d 949 (Pa. Super. 2002), instructive. In **Lutes**, this Court upheld both appellants' convictions under the same section of Harassment, and found a course of conduct with the following facts:

> Appellants blocked the victim's path into the courthouse. Appellant Lutes approached the victim, poked him in the chest with his finger and called him a "pussy." Appellant Hagerty told the victim that he would take the victim around the corner and beat him. Appellant Lutes than reiterated his previous sentiment and threatened to punch the victim in the mouth.

*Id.* at 961. This Court reasoned that "this behavior constitutes a course of conduct under [] § 2709(a)(3) because the Appellants engaged in more than one act over a short period of time." *Id.*

Here, Appellant's conduct was similar to that at issue in **Lutes**. The evidence established that Appellant drove past Mr. DiPietro, turned the car around to drive past him again, and made threatening remarks, all within a short period of time. It was reasonable for the court to infer that these actions establish "a continuity of purpose in the mind of [Appellant]." **Tedesco**, 550 A.2d at 800.

We, thus, conclude that the evidence adduced at trial was sufficient to establish a course of conduct. Accordingly, Appellant's sufficiency challenge merits no relief.

### D.

In his second issue, Appellant challenges the weight of the evidence.[5] Our standard of review is well-settled: "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of

---

[5] An appellant generally must preserve a weight of the evidence claim in a post-sentence motion before the trial court. **Commonwealth v. Dougherty**, 679 A.2d 779, 784 (Pa. Super. 1996). However, an appellant cannot file a post-sentence motion if he is convicted of a summary offense. **Id.**; Pa.R.Crim.P. 720(D). Therefore, this Court has held that an appellant may raise a weight claim for the first time on appeal if the trial court explicitly addressed weight and credibility in its opinion. **Dougherty**, 679 A.2d at 784-85. Our review indicates that the trial court's opinion addressed weight and credibility, so we will address Appellant's challenge to the weight of the evidence. Trial Ct. Op. at 2.

the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for" the finder of fact. **Commonwealth v. Hopkins**, 747 A.2d 910, 917 (Pa. Super. 2000). We cannot substitute our judgment for that of the factfinder. **Talbert**, 129 A.3d at 546. "A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion." **Commonwealth v. Dougherty**, 679 A.2d 779, 785 (Pa. Super. 1996).

\*

Appellant asserts that his conviction is against the weight of the evidence because the Intoxalock records corroborate his testimony that he was outside the community, driving near his son's workplace, at the time that this incident allegedly occurred. Appellant's Br. at 17-18. Therefore, he maintains that the incident could not have occurred at all because he was not near Mr. DiPietro. **Id.** at 18.

In its opinion, the trial court stated that "[t]he outcome of this matter rested almost entirely on the testimony of the witnesses presented, particularly that of the victim and the defendant. In reaching our verdict, we found the testimony of the victim to be credible[.]" Trial Ct. Op. at 1-2.

Appellant essentially asks this Court to reassess his credibility, find his testimony credible, and then conclude his testimony more persuasive than the

testimony of Mr. DiPietro. It is well settled that this Court cannot substitute its credibility determinations for that of the factfinder or reweigh the evidence. Here, the factfinder credited Mr. DiPietro's testimony. We decline to reassess that determination or reweigh the evidence.

Our review of the record reveals no abuse of the trial court's discretion. Accordingly, this claim also merits no relief.

**E.**

In sum, we conclude that both of Appellant's claims lack merit. Therefore, we affirm.

Judgment of Sentence affirmed.

Judge Stabile joins.

Judge Sullivan notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023