J-A03030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN RONALD JAMES JONES JR. | : | |
| | : | |
| Appellant | : | No. 162 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007781-2021

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: May 30, 2024**

Calvin Ronald James Jones, Jr., appeals *nunc pro tunc* from the judgment of sentence entered after he was convicted of simple assault. 18 Pa.C.S.A. § 2701(a)(1). He challenges the sufficiency and the weight of the evidence to sustain his conviction. We affirm.

Jones was charged with simple assault stemming from an incident on June 24, 2021. The case proceeded to a non-jury trial on June 9, 2022, and July 1, 2022. The trial court made the following factual findings:

> [O]n June 24, 2021, [Jones], Kelli Wysong, and other individuals were attending a repass celebration of the life of [Jones'] father, who had passed away. Ms. Wysong and [Jones] are the biological parents of one son as well as on and off romantic partners. During the repass, Ms. Wysong was introduced to a woman named Nikki, who was involved in a relationship with [Jones]. When [Jones] was made aware that the two ladies were discussing their current relationship status with [Jones], he came into the house and politely asked Ms. Wysong to leave. Ms. Wysong left the house, but had to return to retrieve her car keys. [Jones] was in the

kitchen when she returned. When he saw her, he screamed, "didn't I F-ing tell you to leave." At this point, [Jones] struck Ms. Wysong on the left side of her head causing redness and bruising. Ms. Wysong credibly testified that "he punched [her] in the left side of the head so hard that [she] saw stars and [he] said I hope you die, bitch." In addition, Ms. Wysong testified that [Jones] threw her into the China cabinet prior to striking her in the face. [The trial court] did not find Ms. Wysong's testimony regarding the timing of the strike to the side of her head and falling into the China cabinet to be accurate. Rather, [the trial court found] that [Jones] struck her in the left side of the head causing her to fall into the China cabinet. This is consistent with what Ms. Wysong reported to Officer Cox on the date of the incident.

At this point, Ms. Wysong left the repass, got into her vehicle, and called 9-1-1 on the way back to her home. After she arrived, she was met by City of Pittsburgh Police Officer Aren Cox. Officer Cox testified that when he arrived, he "observed a female in a car struggling to get out of it." This female was Ms. Wysong. He further testified that Ms. Wysong "was visibly upset, crying. She had some swelling and some red marks on the left side of her face." Officer Cox contacted the medics, who assisted her out of her vehicle and transported her to Mercy hospital. In addition to having two (2) black eyes, Ms. Wysong testified that she had pain in her back and head and was diagnosed with having received a concussion as a result of this incident.

Trial Court Opinion, 5/17/23, at 4–5 (record citations omitted).

The trial court found Jones guilty of simple assault. On July 1, 2022, the trial court sentenced Jones to six months of probation. Following a post-conviction proceeding, Jones filed a post-sentence motion *nunc pro tunc*. The motion was denied by operation of law, and Jones appealed. Jones and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Jones presents two questions for review:

I.   Was the evidence insufficient to sustain the conviction at Count 2 – simple assault as the Commonwealth did not prove, beyond a reasonable doubt, that Mr. Jones attempted

- 2 -

to cause or intentionally, knowingly or recklessly caused bodily injury to Wysong?

II.     Was the guilty verdict against the weight of the evidence because the trial court ignored overwhelming evidence that contradicted Wysong's specious claims?

Jones' Brief at 4 (capitalization omitted).

## I.     Sufficiency of the Evidence

Jones' first issue is a challenge to the sufficiency of the evidence to sustain his conviction.  Our standard of review is *de novo*, and our scope of review is plenary.  ***Commonwealth v. Bishop***, 936 A.2d 1136, 1141 (Pa. Super. 2007).

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. James***, 268 A.3d 461, 466 (Pa. Super. 2021) (internal citations omitted).

Notably, when an appellate court reviews the transcripts and exhibits from a trial, it applies some deference to the factual findings of the trial court that were made in full consideration of the "witnesses' demeanor, tone of voice, mannerisms, and the like."  ***Commonwealth v. Johnson***, 231 A.3d 807, 818 (Pa. 2020) (citations omitted).  Thus, we recognize that the judge presiding over a non-jury trial, "while passing on the credibility of the witnesses and the weight of the evidence, is free to believe all, part, or none

of the evidence." ***Commonwealth v. Salinas***, 307 A.3d 790, 793 (Pa. Super. 2023) (brackets and citation omitted). It is the fact-finder's role to resolve inconsistencies in the evidence presented and to determine whether a witness is testifying truthfully. ***See Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995). "Variances in testimony . . . go to the credibility of the witnesses and not the sufficiency of the evidence." ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa. Super. 2018) (quoting ***Commonwealth v. Galloway***, 434 A.2d 1220, 1222 (Pa. 1981)).

However, appellate review is not "blindly deferential." ***Johnson***, 231 A.3d at 818. Evidence is insufficient "where the party having the burden of proof presents testimony to support that burden which is either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reason." ***Commonwealth v. Farquharson***, 354 A.2d 545, 550 (Pa. 1976). Likewise, a conviction cannot stand based only on the testimony of a witness whose testimony is so riddled with contradictions as to prevent a finding that the defendant committed an offense. ***Commonwealth v. Karkaria***, 625 A.2d 1167, 1171–72 (Pa. 1993).[1]

---

[1] Jones cites ***Anderson v. City of Bessemer City, N.C.***, 470 U.S. 564 (1985), and other cases addressing a clear-error standard of appellate review, as is provided in Federal Rule of Civil Procedure 52(a)(6). For a sufficiency claim, however, our inquiry is not whether the trial court made findings of fact that are clearly erroneous. Rather, we examine the evidence to determine whether the fact-finder could have reasonably concluded that the Commonwealth proved every element of the charged crime. ***James***, ***supra***.

Here, our review of the record shows the evidence was sufficient to sustain Jones' conviction for simple assault. The Commonwealth was required to prove that Jones "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to" Wysong. 18 Pa.C.S.A. § 2701(a)(1). Wysong testified that Jones punched her in the side of the head, and she hit her head and back when she fell. This was sufficient.

Our review of the evidence reveals some discrepancies, exacerbated by Wysong's admitted problems with her memory. However, these do not render the evidence insufficient to sustain Jones' conviction. Some factual issues, such as whether Wysong was drinking that day and her travels over the following few days, are tangential to the alleged crime. Others, such as the sequence of events at the repass and the cause of the darkness around Wysong's eyes, were within the trial court's province to reconcile. Indeed, regardless of the extent of Wysong's injuries, the trial court believed her testimony that Jones punched her in the head. Wysong's testimony was not "so riddled with inconsistencies" that the verdict cannot stand. *Karkaria*, *supra*. Thus, the trial evidence was sufficient to sustain the verdict of simple assault.[2] Jones' first issue fails.

---

[2] Defense witness Cherneise Wilson testified that Jones did not make physical contact but "lunged for" Wysong and was then restrained by his nephews. N.T., 7/1/22, at 122. Notably, this version of events, if believed, would also have supported a finding that Jones committed simple assault by attempting to cause bodily injury to Wysong.

## II.     Weight of the Evidence

Jones' second issue challenges the weight of the evidence.  For this issue, we review to determine whether the trial court abused its discretion in denying Jones' post-sentence motion for a new trial (or, as here, allowing the motion to be denied by operation of law).  *Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa. Super. 2023).

> The weight given to trial evidence is a choice for the factfinder.  If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited.  It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court.  Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment.  Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Id.* (quoting *Commonwealth v. Arnold*, 284 A.3d 1262, 1277 (Pa. Super. 2022)).

A weight claim is "[o]ne of the least assailable reasons for granting or denying a new trial." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa.

2000). Following a non-jury trial, "there is a logical inconsistency" in asking a trial court to conclude that its own decision shocked its own conscience. ***Commonwealth v. Martin***, 249 A.3d 1124, 2021 WL 614919, at \*4 (Pa. Super. 2021) (non-precedential decision). Once the verdict is entered, the trial court "cannot re-deliberate" in ruling on a weight claim. ***Banniger***, 303 A.3d at 1095. The trial court may only grant a new trial if its verdict was so contrary to the evidence as to shock its sense of justice. ***Id.***

Here, we discern no abuse of discretion in the trial court's failure to grant Jones' post-sentence motion. When the court reached its verdict, it did so in consideration of the ample evidence presented over two days of trial. The court noted that Wysong never wavered in claiming that Jones had struck her. Trial Court Opinion, 5/17/23, at 6. The trial court also believed Officer Cox's narrative of his investigation. Wysong's various medical conditions do not contradict her allegations. ***Id.*** Finally, the trial court found Jones and Ms. Wilson were not credible. Jones has failed to persuade us that the trial court's decision was manifestly unreasonable. As such, the trial court did not abuse its discretion in deciding that the verdict did not shock its conscience. Jones' second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2024