J-S17024-25

**0NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE BLOOMER | : | |
| | : | |
| Appellant | : | No. 1808 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 13, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000392-2023

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 11, 2025**

George Bloomer appeals from the judgment of sentence imposed following his conviction for summary harassment. *See* 18 Pa.C.S.A. § 2709(a)(3). Bloomer challenges the sufficiency of the evidence and the discretionary aspects of his sentence. We affirm.

The court summarized the evidence presented at Bloomer's non-jury trial as follows.

> At trial, Paul Hitzel, Jr.[,] a neighbor of [Bloomer], testified that on August 23, 2023, [Bloomer] was found guilty of harassment before Magistrate District Judge Weber for behavior stemming from an earlier incident where [Bloomer] yelled Mr. Hitzel's name for approximately twenty minutes, repeatedly demanding to know why Mr. Hitzel was allegedly committing Social Security fraud. The next day, August 24, 2023, Mr. Hitzel was coming home from the store, when [Bloomer] again began yelling at him, stating as follows:
>
> > ["H]ey, faggot, hey, faggot, you still working for Terry Houck [(]the then District Attorney[)], Pauly?["] And then he started saying something about my son, ["I]s he still

hanging out with niggers, is he working for the school district[?]" And then he said something to me about ["A]re you still molesting your grandchildren[?"] and he — and I said — and he was saying something about, ["T]hat's okay, I'll file another CPS report like I did last time.["]

After that, [Bloomer] began yelling that Mr. Hitzel was "ripping off Social Security." A neighbor approached during this time and Mr. Hitzel called the police.

Trial Court Opinion, filed 8/8/24, at 2 (citations to notes of trial testimony and footnote omitted). The court found Bloomer guilty and sentenced him to 45 to 90 days' incarceration, to be served consecutively to his sentence in another case.[1]

Bloomer raises two issues:

1. Should this Court vacate [Bloomer's] conviction for summary harassment under 18 Pa.C.S. § 2709(a)(3) for evidentiary insufficiency where the evidence was limited to testimony that (a) [Bloomer] was found guilty of harassment after a Magistrate hearing on August 23, 2023 and (b) he "yelled" at the alleged victim for one minute the next day?

2. Did the trial court abuse her sentencing discretion by imposing a statutory maximum of sentence where (a) [Bloomer's] conduct consisted of one non-violent interaction of limited duration and an MDJ conviction and (b) the trial court appears to have imposed the sentence in response to [Bloomer's] assertion of his First Amendment rights during his allocution?

Bloomer's Br. at 5 (suggested answers omitted).

Bloomer first argues that the evidence was insufficient to prove that he engaged in a course of conduct, as required for a conviction for harassment

_____

[1] In the other case, the court convicted Bloomer of summary harassment based on an incident with Hitzel's son, Paul Hitzel, that took place on the following day (August 25, 2023). The court sentenced Bloomer to 45 to 90 days' incarceration. Bloomer's appeal from that judgment of sentence is pending at Docket No. 1807 EDA 2024.

under subsection (a)(3). He contends the evidence reflects that he accused Hitzel of Social Security fraud at an unspecified time and then, months later, the day after he was convicted by a magistrate for that conduct, he engaged in a one-minute verbal altercation with Hitzel. Bloomer contends there was no evidence to support the court's finding that he had engaged in "numerous" incidents of "related conduct" prior to the magistrate hearing, as the testimony only referred to a singular 20-minute incident that gave rise to that hearing. Bloomer's Br. at 24 (quoting Trial Ct. Op. at 5).

He also contends there was no evidence to support the court's finding that his one-minute soliloquy on August 24 was a continuation or repetition of a previous "obscenity laced" tirade. He maintains that the incident giving rise to the magistrate hearing had not included any obscenity. *Id.* at 25 (quoting Trial Ct. Op. at 5). Bloomer argues, "The significant passage of time and the dissimilarity of the incidents, punctuated by a mandatory court appearance, did not qualify as a 'course of conduct' under the referenced appellate authority and was therefore insufficient as a matter of law to sustain the conviction." *Id.* at 17. Bloomer distinguishes the facts of this case from those of **Commonwealth v. Salinas**, 307 A.3d 790 (Pa.Super. 2023), and **Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002). Bloomer claims the offensive behaviors in those cases were more similar to each other and occurred in closer succession.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable

- 3 -

to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 217 A.3d 1254, 1256 (Pa.Super. 2019) (citation omitted). The Commonwealth may prove the charges through wholly circumstantial evidence. ***Salinas***, 307 A.3d at 793. We review the sufficiency of the evidence *de novo*, as it presents a question of law. ***Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018).

The subsection of the harassment statute under which Bloomer was convicted states, "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose[.]" 18 Pa.C.S.A. § 2709(a)(3). The statute defines "[c]ourse of conduct" as

> A pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes lewd, lascivious, threatening or obscene words, language, drawings, caricatures or actions, either in person or anonymously.

***Id.*** at § 2709(f). In other words, a course of conduct is "composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor." ***Commonwealth v. Tedesco***, 550 A.2d 796, 799-800 (Pa.Super. 1988) (citation omitted); ***accord Salinas***, 307 A.3d at 794. The defendant's intention to harass "may be inferred from the totality of the circumstances." ***Lutes***, 793 A.2d at 961.

The evidence was sufficient to establish Bloomer engaged in a course of conduct with the intent to harass, annoy, or alarm Hitzel. Hitzel testified that

Bloomer repeatedly accused him of defrauding the Social Security Administration for a period of twenty minutes. The day after Bloomer was convicted by a magistrate for this conduct, he repeated his accusation, adding a minute's worth of slurs and threatening to report Hitzel to Child Protective Services. Under the totality of the circumstances, these acts were sufficiently similar and sufficiently close in time to establish a course of conduct and Bloomer's intent to harass or annoy. Bloomer has presented no authority stating that a course of conduct cannot take place over a period of months or that only identical acts can constitute a course of conduct.[2]

In his second issue, Bloomer asserts that the trial court abused its discretion "by imposing a statutory maximum sentence for a single non-violent interaction of limited duration at least partly in response to Mr. Bloomer's assertion of his First Amendment rights during his allocution." Bloomer's Br. at 28-29. Bloomer contends his sentence was disproportionate to the gravity of "a one-minute verbal altercation consisting of juvenile taunts and accusations." *Id.* at 29. He further contends the court's sentence was based on statements he made during allocution regarding his right to peacefully protest his grievances against the government, and his inability to get a fair trial in Northampton County. *Id.* at 31-32 (citing N.T., 5/13/24, at 20-21).

---

[2] If only identical acts were prohibited, the portion of the statute prohibiting a person from "repeatedly commit[ting] acts" would be superfluous to the portion prohibiting a "course of conduct." *See* 18 Pa.C.S.A. § 2709(a)(3).

We have recently determined that we do not have jurisdiction to review the discretionary aspects of a sentence for a summary offense. *See Commonwealth v. Bloomer*, 327 A.3d 1282, 1292-93 (Pa.Super. 2024), *appeal granted in part*, No. 4 MAL 2025, 2025 WL 1551555, at *1 (Table) (Pa. June 2, 2025). We therefore do not reach this issue.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/11/2025