J-S10036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN VASQUEZ | : | |
| | : | |
| Appellant | : | No. 1114 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered October 8, 2024
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0000049-2024

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:             **FILED: APRIL 23, 2026**

Brian Vasquez (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of summary harassment.[1]  We affirm.

The trial court summarized the following facts:

[O]n September 9, 2023, at approximately 2:15 a.m., Sergeant Thomas Wambold of the New Cumberland Police Department responded to a call from Karen Hammaker (hereinafter "Victim"), who reported that an unknown male was at her residence repeatedly ringing her doorbell and knocking on the front door. Victim was unable to identify the male, as he was wearing a hat and a face mask which obscured his features from her.  However, Victim had been placed on alert regarding this individual, as moments earlier, her daughter had called to inform her that she had been followed home from work by an unknown vehicle.

_____

[1] 18 Pa.C.S. § 2709(a)(3).

After five to ten minutes of travel time, Sergeant Wambold arrived on the scene and encountered the masked man, who was still on Victim's property. The then-unknown male was uncooperative with officers and did not want to identify himself. He told Sergent Wambold that he was at the residence to see a friend. Ultimately the male was identified as Appellant, and he was placed under arrest for three outstanding [National Crime Information Center] warrants. Once Appellant was unmasked, Victim was able to identify him as someone she was familiar with due to his being featured on some form of "wanted" poster being circulated on social media.

Trial Court Opinion (TCO), 10/8/25, at 2-3 (footnotes omitted).

The Commonwealth subsequently charged Appellant with summary harassment, as well as four misdemeanors: loitering and prowling at night time; possession of a Schedule II controlled substance (methamphetamine); possession of a small amount of marijuana; and possession of drug paraphernalia.[2] On August 30, 2024, Appellant and the Commonwealth "reached an agreement that, contingent on the Commonwealth withdrawing the misdemeanor charges[,] this matter would be resolved by a summary bench trial." *Id.* at 3. The trial court explained:

The Commonwealth did withdraw those charges, leading to a bench trial occurring on a stipulated record, consisting of the preliminary hearing transcript and oral argument from counsel.[3] Upon the conclusion of that bench trial, we found Appellant guilty of one count of harassment, graded as a summary offense.

---

[2] 18 Pa.C.S. § 5506, and 35 P.S. § 780-113(a)(16), (31)(i), and (32).

[3] Appellant's counsel expressed agreement with "relying on the transcript," and provided a copy of the transcript which the trial court admitted as "Joint Exhibit 1." N.T., 8/30/24, at 4; *see also* Order, 9/3/24 (stating "the transcript is admitted, and the matter is taken under advisement.").

Following his conviction, Appellant was sentenced on October 8, 2024, to pay the costs of prosecution, with no further penalty. … Appellant filed both a timely post-sentence motion, as well as a timely notice of appeal. However, … Appellant's then-counsel … failed to file a brief, leading to the dismissal of his direct appeal. On April 11, 2025, Appellant submitted to th[e] court a *pro se* request for a status conference, in which he requested information regarding the status of his Superior Court appeal. As that appeal had been dismissed, we interpreted Appellant's request for a status conference as a petition for post-conviction collateral [PCRA] relief, and appointed Appellant's present counsel to represent him.[4] … [T]he Commonwealth did not object to the reinstatement of Appellant's post-sentence and direct appellate rights. A timely post-sentence motion was then filed on July 7, 2025, challenging the weight of the evidence used to convict him, and requesting that his sentence be modified to waive the costs of prosecution. We denied that motion on July 22, 2025, leading to Appellant filing a timely notice of appeal on August 15, 2025, and his concise statement of errors complained of on appeal on September 3, 2025.

*Id.* at 3-4 (footnotes omitted).

On appeal, Appellant presents two questions for review:

A. WHETHER THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY OF HARASSMENT WHERE THE

_____

[4] We note that Appellant was not serving a sentence and thus ineligible for PCRA relief when the trial court reinstated his direct appeal rights. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Rivera*, 802 A.2d 629, 633 (Pa. Super. 2002) (holding a petition to reinstate direct appellate rights *nunc pro tunc* must be raised in a PCRA petition). However, eligibility requirements under the PCRA do not present a jurisdictional question. *Commonwealth v. Fields*, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*) (plurality); *see also Commonwealth v. Kirwan*, 221 A.3d 196, 199 n.9 (Pa. Super. 2019). Because Appellant's eligibility for relief does not implicate our jurisdiction, and because the court's reinstatement of his direct appeal rights *nunc pro tunc* is not before us, we will review the merits of Appellant's issues on appeal. *Commonwealth v. Brown*, 596 EDA 2018, 2020 WL 7041214, at *2 n.3 (Pa. Super. filed Dec. 1, 2020) (unpublished memorandum); *see also* Pa.R.A.P. 126(b)(1) (permitting non-precedential Superior Court decisions filed after May 1, 2019 to be cited for persuasive value).

COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE THE APPELLANT ACTED WITHOUT LEGITIMATE PURPOSE AND WITH THE INTENT TO HARASS, ANNOY, OR ALARM[?]

B. WHETHER THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY WHERE THE EVIDENCE ESTABLISHED THE APPELLANT ACTED WITH LEGITIMATE PURPOSE, SHOCKING ONE'S SENSE OF JUSTICE[?]

Appellant's Brief at 4 (underlining omitted).

Appellant first claims the evidence was insufficient to support his conviction. He argues he exhibited "proper" use of the Victim's doorbell, "allowing the occupants to know he wishe[d] to communicate with them." *Id.* at 10. Appellant states that "it is lawful to ring a doorbell," and notes he "did not bang the door" or make verbal threats. *Id.* at 10-11. Appellant further asserts that the evidence did not show his intent to harass, annoy or alarm the Victim, because he "merely used the doorbell as intended." *Id.* at 11. This argument is not persuasive.

In considering a sufficiency challenge,

our well-settled standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial, viewed in the light most favorable to the Commonwealth as verdict winner. We determine whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. The Commonwealth can meet its burden by wholly circumstantial evidence.

The factfinder, while passing on the credibility of the witnesses and the weight of the evidence[, ]is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[ ]finder.

*Commonwealth v. Salinas*, 307 A.3d 790, 793 (Pa. Super. 2023) (citations and quotation marks omitted).

The trial court convicted Appellant under subsection 2709(a)(3) of the Crimes Code, which provides that a person commits harassment, "when, with intent to harass, annoy or alarm another, the person ... engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose[.]" 18 Pa.C.S. § 2709(a)(3). The intent to harass may be inferred from the totality of the circumstances. *See Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

The trial court explained the reasoning for its verdict as follows:

> That evidence notably included Victim's testimony that Appellant, with his face deliberately concealed from view to avoid his being identified, continuously rang her doorbell around two o'clock a.m., for an uninterrupted period of approximately six to eight minutes. Further, we note that the evidence of record, viewed in the light most favorable to the Commonwealth, established that Victim's daughter was involved in a dispute with one of Appellant's friends, which provided Appellant with a clear motive to follow Victim's daughter home from work and incessantly ring her doorbell at two o'clock in the morning.

TCO at 6-7.

The evidence supports the trial court's reasoning. The Victim testified that "around 2:15 in the morning," Appellant rang her doorbell "ding-dong, ding-dong, ding-dong, nonstop, even when I was on the phone with the police." N.T., 1/4/24, at 5-6. She described Appellant as wearing a mask and ringing her doorbell "absolutely nonstop" for "about eight minutes." *Id.* at 7.

- 5 -

She also stated that the ringing "frazzled" her "because nobody normally would do something like that." *Id.* at 12.

Likewise, Sergeant Wambold testified that when he arrived the Victim's home, "a masked male was knocking and ringing a doorbell." *Id.* at 16. Sergeant Wambold stated that when he asked Appellant "what he was doing," Appellant said he "was just trying to talk to a friend." *Id.* Sergeant Wambold added that when he asked for the friend's name, Appellant "wasn't able to tell me his name or her name." *Id.* He described Appellant as being "very vague when asked what was going on and he wasn't really responsive." *Id.* at 17. Sergeant Wambold also expressed being "concerned that there was further criminal activity with [Appellant] knocking and ringing the doorbell, causing alarm like that at that time of the night." *Id.* at 18. According to Sergeant Wambold, "it was apparent [the Victim] was concerned with the masked male[, who] had a camouflaged mask on." *Id.* at 26. Upon further investigation, he learned "there was something going on" between a woman associated with Appellant and the Victim's daughter's ex-boyfriend. *Id.* at 22.

As indicated above, the witnesses' testimony was sufficient for the trial court to infer Appellant's intent and find that his repeated ringing of the Victim's doorbell was harassment. Appellant's first issue lacks merit.

In his second issue, Appellant assails the weight of the evidence. He claims "the limited evidence … shows Appellant had a legitimate purpose in ringing the doorbell in an attempt to locate his friend." Appellant's Brief at 12. Appellant emphasizes that no one asked him to stop ringing the doorbell

or leave while he was "waiting on a response," and claims his conviction "would shock one's sense of justice." *Id.* This argument is also unpersuasive.

A challenge to the weight of the evidence concedes there was sufficient evidence to sustain the verdict. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Moreover, the weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence, and to determine the credibility of the witnesses. *See Salinas*, 307 A.3d at 795. "A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion." *Id.* (citation omitted).

The trial court observed that its guilty verdict "was not based on tenuous, vague or uncertain evidence," and noted the Victim and Sergeant Wambold provided a "consistent and credible version of events." TCO at 8-9. The trial court credited the "direct testimonial evidence that Appellant, with the intent to harass, annoy or alarm, engaged in a course of conduct which alarmed or seriously annoyed [the Victim], and which served no legitimate purpose." *Id.* at 8. The trial court rejected Appellant's claim to the contrary, stating that its verdict "was not shocking to the conscience." The trial court added,

> the uncontroverted evidence of record established that Appellant followed Victim's daughter home from work, deliberately concealed his identity and then knocked on their front door and rang their doorbell for several consecutive minutes, in the middle of the night. Appellant was on Victim's property when she called the police, and he remained on the property five to ten minutes later, when the police arrived on-scene.

***Id.*** The trial court acted within its discretion in weighing the evidence. Therefore, Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

signature

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026